## Illinois Central Railroad Company v. James R. Campbell.

1. AMENDMENTS—*Statute of Limitations.*—An additional count filed as an amendment to the declaration, which is only another way of stating the plaintiff's cause of action, is not within the statute requiring the suit to be brought within two years.

2. NEGLIGENCE—*A Question for the Jury.*—Whether a railroad company has been guilty of negligence in allowing a pile of ashes to remain upon its track, is a question for the jury.

**Trespass on the Case.**—Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS. Judge. presiding. Trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, 1895. Affirmed. Opinion filed April 4, 1895.

APPELLANT'S BRIEF, SIDNEY F. ANDREWS, ATTORNEY; JAMES FENTRESS, OF COUNSEL.

The court erred in sustaining plaintiff's demurrer to defendant's plea of the statute of limitations pleaded by it to

the additional counts filed by plaintiff.   Jackson v. Spittall, L. R. 5, C. P. 552; Blake v. Menkner (Ind.), 36 N. E. Rep. 246; R. R. Co. v. Cobb, 64 Ill. 140; Phelps v. I. C., 94 Ill. 549; Monka v. N. C. Rolling Mill Co., 107 Ill. 340; C. & A. R. R. Co. v. Henneberry, 38 N. E. Rep. 1044.

APPELLEE'S BRIEF, EDWARD R. WOODLE, ATTORNEY.

The evidence in this case was not conflicting and the verdict can not be set aside as being against the weight of the evidence.   East v. Crowe, 70 Ill. 91; Cudahy v. Powell, 35 App. 29; Goodman v. Boyd, 44 App. 247; N. Chi. St. Ry. Co. v. Lotz, 44 App. 77.

The questions whether the railroad company was negligent, and whether the plaintiff in the court below was free from negligence, were for the jury to determine.   C. & E. I. R. R. Co. v. Hines, 132 Ill. 161 ; Flynn v. W. St. L. & P. Ry. Co., 18 App. 253; Southerland v. North Pac. R. R. Co., 53 Fed. Rep. 646; Babcock v. Old Colony R. R. Co., 150 Mass. 467; Meek v. N. Y. C. & H. R. R. R. Co., 69 Hun 488; Horan v. C., St. P. M. & O. Ry. Co. (Ia.), 56 N.W. Rep. 507; Huddleston v. Lowell Machine Shops, 106 Mass. 282; So. Pac. Ry. Co. v. Markey, 19 S. W. Rep. 292; Mo. Pac. R. R. Co. v. Jones, 41 A. & E. R. R. Cas. 363; Snow v. Housatonic R. R. Co., 8 Allen 441; K. C., Ft. S. & G. R. R. Co. v. Kier, 41 Kan. 661; St. L. & S. F. Ry. Co. v. Doyle, 25 S. W. Rep. 461.

The plea of the statute of limitations to the new counts was bad on demurrer, because it did not aver that the cause of action stated in either of those counts was not the same cause of action stated in the original declaration.   But if not bad on that account, and the question whether the cause of action in the new counts is the same cause of action as that stated in the original declaration is one for the court to determine on an inspection of the whole declaration, then it appears that the cause of action thus newly stated was the same cause of action originally declared upon. Parker v. Enslow, 102 Ill. 272; T. W. & W. Ry. Co. v. Beggs, 85 Ill. 80; Stearns v. Reidy, 33 Ill. App. 256; C. & A. R. R. Co. v. Henneberry, 42 Ill. App. 126; Blanchard v.

L. S. & M. S. Ry. Co., 126 Ill. 416;  C.  &  N. W. Ry. Co. v. Trayes, 17 Ill. 136;  N. C. Rolling Mill Co. v. Monka, 106 Ill. 340;  Haynie v. C. & A. R. R. Co., 9 App. 105;  Pa. R. R. Co. v. Sloan, 125 Ill. 72; L. S. & M. S. R. R. Co. v. Hessions, 150 Ill. 546;  Smith v. Taggert, 21 App. 538;  Tex. & Pac. Ry. Co. v. Cox, 145 U. S. 593;  Smith v. Mo. Pac. R. R. Co., 5 C. C. A. 557; S. C., 50 Fed.; Ala. G. S. R. R. Co. v. Chapman, 83 Ala. 453; Case v. Blood, 71 Ia. 632;  Nash v. Chatt. & St. L. R. R. Co. v. Foster, 10 Lea 351;  Sanger v. Newton, 134 Mass. 308;  McDonald v. C. & N. W. Ry. Co., 26 Ia. 124; Davis v. Smith, 14 How. Pr. 187;  Dana v. McClure, 39 Vt. 197;  C., St. L. & P. R. R. Co. v. Bills, 118 Ind. 221;  Smith v. Bogenschutz, 19 S. W. Rep. (Ky.) 667;  Colley v. Gate City Coffin Co., 18 S. E. Rep. (Ga.) 817;  Ala. G. S. R. R. Co. v. Thomas, 89 Ala. 294;  Greer v. L. & N. R. R. Co., 94 Ky. 169.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is a case in which the court must rest upon the rule that the jury determines the facts.

The appellee was a switchman in the service of the appellant, working in a yard of several tracks, and in the night of May 5, 1891, his foot was caught in an unblocked frog and he lost his foot and a part of the fingers of his right hand.

The original declaration, filed June 24, 1892, went only upon the charge that an unblocked frog was a danger to which a switchman ought not to be exposed; but on the trial that ground of action was abandoned, as the appellee knew the construction.

March 3, 1894, an additional count was filed, and April 20, 1894, another, both of which alleged that the appellant wrongfully permitted a pile of cinders and like material to be and remain near to the frog, the appellee being unaware of the pile, and that he stumbled upon it, and his foot was thereby thrown into the frog.

To these counts the appellant pleaded that the cause of action did not accrue within two years next before they were filed, to which plea a demurrer was sustained, and

rightly, for they were but another way of telling the original story. Stearns v. Reidy, 133 Ill. App. 246.

If the pile was there, nothing in the case explains how it got there further than that such piles came from cleaning out fires and ash-pans of engines. Nor is there any evidence of how long it had been there, except the testimony of the appellee that it was cold, and his testimony, corroborated by other that such a pile, in the absence of any water upon it, will smoulder twelve to eighteen hours.

Whether the pile was there, and if there its condition, was testified to only by the appellee.

Now, assuming that such a pile was there, and had been there during the whole or the larger part of the working hours of the previous day, and that its presence increased the perils of a service—switching in the night—necessarily dangerous, it was a question for the jury whether the appellant was negligent. And passing the question of pleading, the real question is whether an instruction offered by the appellant that the appellee was not entitled to recover should have been given. Eleven instructions for the appellee, and ten unmodified and four modified for the appellant were given. Six asked by the appellant were refused.

To go over all that the appellant urges upon the subject of instructions would take too much space, and we must briefly state that in our judgment no error of law is in the record, and the judgment is affirmed.